### SEAMAN v. JAMISON et al.

(Supreme Court, Appellate Division, Second Department.　October 6, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 25*)—OFFICE—ACCEPTANCE.

　　Under Code Civ. Proc. § 2594, providing that letters testamentary shall not be granted to executors until they have filed an oath to discharge the duties of their office, the taking and filing of the oath is an acceptance of the office.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 141–143; Dec. Dig. § 25.*]

2. EXECUTORS AND ADMINISTRATORS (§ 444*)—ACTIONS AGAINST—ALLEGATION OF REPRESENTATIVE CAPACITY.

　　Under Code Civ. Proc. § 2591, providing that letters testamentary to executors are conclusive evidence of their authority until revoked, and section 2592, that in the meantime they have exclusive authority as executors pursuant to the letters, an allegation in a complaint against executors that letters testamentary had been properly executed to them, etc., sufficiently alleged that they were acting executors and subject to suit in their representative capacity, without further allegations to negative the termination of their authority.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1813–1841; Dec. Dig. § 444.*]

Appeal from Special Term, Kings County.

Action by Rosella E. Seaman against William Jamison and another, as executors of the will of Mary A. Jamison, deceased. From

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendants to plead.

Argued before BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

James J. Fitzgerald, for appellant.

Edward B. Bloss, for respondents.

THOMAS, J. [1] The demurrer raises the question of the capacity of the defendants to be sued as executors. The letters alleged to have been issued could not have been so issued unless the recipients had taken and filed oath to discharge the duties of the office. Code Civ. Proc. § 2594. Hence the oath was an acceptance of the office.

[2] These letters are conclusive evidence of authority of the grantees until revoked, or the decree granting them shall be reversed (section 2591), and meantime they have "sole and exclusive authority, as executors or administrators, pursuant to the letters" (section 2592). In this case the letters are proffered as evidence that the persons named are executors in authority. They are the "conclusive evidence" of that fact, save in case of revocation or reversal, as provided by section 2591. If the case should come to trial, the letters would be sufficient evidence that the defendants were the executors. It would not be necessary to prove that they were alive, that they had not been removed, or that the decree appointing them had not been reversed. Continuance in office from the time of appointment, August 13, 1909, to the time when the complaint herein was verified, March 29, 1910, would be presumed, as the continuance of life would be presumed, and as the estate could not under the law be expectably closed in 7 months and 16 days, and revocation for the cause mentioned in section 2685, etc., would not be presumed.

The defendants by their demurrer demand that the complaint, which pleads all necessary to invest certain persons with office, and their acceptance of it by taking oath of office, shall gather in a common allegation a negative to every cause that could divest such persons of office, although the statute states that the office shall continue pending revocation of the letters (section 2592), and, of course, this presupposes continuance of life. The statute means what it says, and it is not necessary to broaden or to strengthen it by denials that events that could terminate the authority have not happened.

The interlocutory judgment should be reversed, and the demurrer overruled, with costs, with leave to defendants to plead as they shall be advised within 20 days after entry of order herein, and upon paying costs of the appeal and of the demurrer. All concur.